IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE CHAVEZ,

        Plaintiff,

  vs.                                      CIVIL NO. 97-1074 LFG/DJS

BERNALILLO COUNTY COMMISSIONERS,
THE CITY OF ALBUQUERQUE
and ANNETTE KRAWIC,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING CITY'S MOTION TO DISMISS NEGLIGENCE CLAIMS

THIS MATTER is before the Court on the Defendant City of Albuquerque's Motion to Dismiss Plaintiff's Negligence Claims [Doc. 43]. This motion was brought pursuant to Fed. R. Civ. P. 12(b)(6). However, in support of its motion, Defendant City of Albuquerque ("City") appended an affidavit signed by Michael A. Sisneros, the Deputy Director of the Bernalillo County Detention Center. If matters outside of the pleadings are to be considered by the Court in ruling upon the motion, the motion is converted to one under Fed. R. Civ. P. 56. Indeed, Rule 12(b) provides in salient part:

> If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

The issue in this motion is whether Plaintiff Bernadine Chavez ("Chavez") states a valid claim against the City under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1.

The City's affidavit need not be considered in analyzing whether Chavez states a claim sufficient to withstand Fed. R. Civ. P. 12(b)(6). Therefore, the Court will exclude the City's affidavit for purposes of determining whether the Rule 12(b)(6) motion will be granted.

## New Mexico Tort Claims Act

Common law sovereign immunity for tort actions was abolished by the Supreme Court in Hicks v. State, 88 N.M. 588, 544 P.2d 1153 (1975). The following year, the New Mexico legislature responded by passing the Tort Claims Act which reinstated governmental immunity, except in eight classes of activities which are specifically set out as exemptions within the Act. Firemen's Fund Insurance Co. v. Tucker, 95 N.M. 56, 618 P.2d 894 (Ct. App. 1980). Section 41-14-2 of the Act provides in part: "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act . . . . " Further, Section 41-4-4 declares that governmental entities and public employees, while acting within the scope of their duties, shall be immune from liability for any tort except as waived by the Act. Tompkins v. Carlsbad Irr. Dist., 96 N.M. 368, 630 P.2d 767 (Ct. App. 1980). The public policy declaration of Section 41-4-2 and the immunities' proviso of Section 41-4-4 require that a plaintiff's cause of action must fit within one of the exceptions to the immunity granted to governmental entities and public employees. If immunity has been waived, the particular agency that caused the harm may be held liable for the negligent act or omission of the public employee. However, if immunity has not been waived, a cause of action does not lie.

Chavez brings her action against the City pursuant to the New Mexico Tort Claims Act. Chavez relies on only one statutory waiver of immunity, specifically, NMSA 1978 § 41-4-6. This provision states in relevant part:

> The immunity granted pursuant to subsection a of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

Chavez does not contend nor does she argue that any other statutory waiver applies.  Thus, for Chavez to state a cause of action under the Tort Claims Act, the Court must conclude that Section 41-4-6 specifically waives the government's immunity from suit.  Based on a review of the complaint, the Court is unable to find a waiver of immunity.  Therefore, the Court concludes that the Tort Claims Act shields governmental entities and public employees from tort liability for this claim unless immunity has been specifically waived by Section 41-4-6.

### Analysis

The purpose of Section 41-4-6, upon which Chavez relies, is to ensure the general public's safety by requiring public employees to exercise reasonable care in maintaining and operating physical premises owned and operated by the government.  Castillo v. County of Santa Fe, 107 N.M. 204, 206-207, 755 P.2d 48, 50-51 (1988).  Chavez claims that Defendants were negligent in delaying her release from custody after a bond was posted, and that the negligent processing of her release papers is actionable under the "operation or maintenance" portion of Section 41-4-6.

In Wittkowski v. State Corrections Department, 103 N.M. 526, 710 P.2d 93 (Ct. App.), *overruled on other grounds*, Silva v. State, 106 N.M. 472, 745 P.2d 380 (1987), a similar argument was rejected by the court.  The plaintiff, a personal representative of a decedent, sought to base his claim for damages on this same waiver of immunity statute.  In that case, prison officials negligently misclassified two inmates as minimal security prisoners.  The inmates escaped from a low-security

3

work project and ultimately killed the decedent during a robbery. Suit was brought against the State of New Mexico.  The personal decedent's representative contended that the State's immunity was waived under Section 41-4-6 because the Corrections Department maintained and operated the State Penitentiary, a public building, and that the operation of the building included the security, custody and classification of inmates.  Because the Corrections Department was allegedly negligent in classifying the inmates as minimal security prisoners, the personal representative reasoned that the court should find that this statute waived the State's immunity and that the case should proceed.  The district court dismissed the claim and the Court of Appeals the appellate court flatly rejected the plaintiff's argument, stating, "There is no authority for this proposition." Id. at 103 N.M. 530, 710 P.2d 97.  The court concluded,  "As the injuries alleged did not occur due a physical defect in a building, the provision is not applicable . . . ." Id. 103 N.M. 530, 710 P.2d 97.

Similarly, in Archibeque v. Moya, 116 N.M. 616, 866 P.2d 344, the New Mexico Supreme Court held that the same statutory provision on which Chavez relies in the present case was not applicable to the alleged negligent classification of a prison inmate.  The facts in Archibeque are instructive.  The plaintiff, Archibeque, an inmate at Central New Mexico Correctional Facility, was transferred to the New Mexico State Penitentiary in Santa Fe.  Before being released in the general prison population, he met with a classification officer to discuss whether Archibeque had known enemies in the prison.  Archibeque told the classification officer that Alex Gallegos was an enemy. Without checking to determine whether Gallegos was a current inmate, and thus available to cause harm, the classification officer told Archibeque that Gallegos was no longer imprisoned at the penitentiary.  The classification officer was wrong.  Indeed, Gallegos was an inmate and was in the prison's general population.  The classification officer released Archibeque into general population.

That very night, Gallegos and other inmates seriously assaulted Archibeque.

Archibeque brought a negligence action, alleging that he had been misclassified and, due to the classification officer's negligence, was wrongfully released into the general population where he was injured. The state district court and, later, the New Mexico Supreme Court upheld the State's tort immunity, stating that Section 41-4-6 did not specifically waive immunity for this action. The Supreme Court stated:

> Moya-Martinez [the classification officer] was not operating and maintaining the prison's physical premises when she negligently classified Archibeque as an inmate that could be released into the general prison population. Rather, she was performing an administrative function associated with the operation of the correction system. Section 41-4-6 does not waive immunity when public employees negligently perform such administrative functions.

Id. 116 N.M. at 619, 866 P.2d at 347.

The City argues, and correctly so, that the court's analysis in both Wittkowski and Archibeque is applicable. Here, the undisputed facts indicate that Chavez was lawfully arrested pursuant to a valid warrant issued by a Metropolitan Court judge. The arrest warrant was issued as a result of Chavez' failure to appear at a prior court hearing. Chavez was arrested and transported to the Bernalillo County Detention Facility where she was fingerprinted, photographed and booked. This occurred at approximately 1:14 p.m. At 2:05 p.m., Chavez' daughter-in-law, Marsha Chavez, posted a $161 bond with the Metropolitan Court. The posting of the bond does not automatically result in the immediate release of an inmate, rather, there is paperwork and processing that is part of the release process. Chavez was not released until 10:00 p.m. on April 17, 1997, nearly eight hours after the time her daughter-in-law posted bond.

It is this near eight-hour delay that Chavez attributes to the negligence of the officers. Even assuming that BCDC employees were negligent in the processing of the release orders, the question still remains whether Chavez' claim is actionable at all. As in <u>Archibeque</u>, the BCDC employees were not "operating and maintaining" the detention facility's physical premises when they, in conjunction with the Metropolitan Court, processed Chavez' release order. As in <u>Archibeque</u>, the detention facility employees were performing simple administrative functions associated with the operation of the detention facility. This Court concludes, as did the <u>Archibeque</u> court, Section 41-4-6 does not waive immunity when public employees negligently perform such administrative functions." <u>Id.</u> at 116 NM 619, 866 P.2d at 347.

The City has made a *prima facie* showing of its entitlement to judgment as a matter of law. When a *prima facie* showing is made, the burden shifts to the party opposing the motion to show that a triable issue exists. Here, Chavez has been unable to demonstrate that the legislature specifically waived immunity for this type of claim, and in the absence of a waiver of immunity, the cause is simply not actionable under the New Mexico Tort Claims Act.

The Court will dismiss with prejudice Chavez' claims against the City.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
James C. Ellis, Esq.

ATTORNEYS FOR DEFENDANTS:
Paul T. Yarbrough, Esq.
Jeffrey L. Baker, Esq.
Christina Anaya, Esq.

6